# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—MAY TERM, 1897.

## Chicago & Alton R. R. Co. v. Gee Grimes.

1. RAILROADS—*Can not Contract Against Gross Negligence.*—A railroad company can not relieve itself by contract, from liability for damages resulting from its gross negligence.

2. SAME—*Waiver of Written Notice of a Claim.*—A railroad company may waive a provision in a shipping contract, that claims for damages must be made in writing, by receiving a verbal notice without objection and treating the claim as pending.

3. PRACTICE—*Statement of Objections on the Ground of Variance.*—In a suit against a carrier for damage to property it is not necessary to state where the property was received or discharged, it is sufficient if the relationship between the carrier and the owner of the property be stated and proved; and an objection that there was a variance between the averments and proofs, as to where property was received, should be so stated in the trial court, that the plaintiff may know of it and have an opportunity to amend his declaration.

4. REMITTITURS—*Allowed as a Matter of Course.*—Remittiturs are allowed as a matter of course when offered voluntarily, and this court does not think the trial court erred in allowing appellee to remit one dollar from his judgment.

Trespass on the Case, against a common carrier for damage to freight. Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896. Rehearing allowed and case reheard at the May term, 1897. Affirmed. Opinion on rehearing filed September 20, 1897.

(397)

GEORGE S. HOUSE, attorney for appellant.

· E. MEERS, attorney for appellee.

A carrier may waive a provision in a shipping contract, that a claim for damage must be made in writing in five days, and be verified by affidavit, by receiving without objection, unsworn notice, and treating the claim as pending for adjustment upon its merits. Wabash R. R. Co. v. Brown, 152 Ill. 484.

A common carrier can not by express contract exempt itself from liability resulting from gross negligence, or willful misconduct committed by itself, or its servants or employes; nor can it limit its liability in amount, as against damages resulting from such negligence. Chicago & N. W. Ry. Co. v. Chapman, 133 Ill. 96; Wabash, St. L. & P. Ry. Co. v. Black, 11 Ill. App. 465; Chicago & N. W. Ry. v. Chapman, 30 Ill. App. 504.

An immaterial variance will not be fatal. Kidder v. Vandersloot, 114 Ill. 135.

General objection of variance between declaration and proof is not enough; it must be specific to show wherein it consists. Start v. Moran, 27 Ill. App. 119.

It is too late to object to a variance between the pleadings and proofs on appeal. Horne v. Walton, 117 Ill. 130; Schoonmaker v. Doolittle, 118 Ill. 605; Dulin v. Prince, 124 Ill. 76; Wabash, etc., Ry. Co. v. Coble, 113 Ill. 115.

Such variance is no ground for reversal. City of Mattoon v. Fallin, 113 Ill. 249.

The objection of variance between allegation and proof is technical and not favored. Stearns v. Reidy, 135 Ill. 123.

OPINION PER CURIAM ON REHEARING.

We have considered the case upon the rehearing granted after the original opinion was filed and find no reason for changing the conclusion reached by the court at that time. The original opinion of the court, with a slight change of expression in one particular will be adhered to, and the judgment of the Circuit Court will be affirmed.

DIBELL, J., took no part.

OPINION OF THE COURT, BY MR. JUSTICE LACEY, AS MODI-
FIED ON REHEARING.

This was an action in case by appellee against the appel-
lant to recover damages to a pacing mare known as Amy
L., the property of appellee, by alleged negligence in switch-
ing the car on which the mare was being transported to
Joliet, at appellant's railroad yards at that place, by means
of which the car was struck by another car and jammed in
such a manner as to throw the mare down and against the
car in such a way as to permanently injure and ruin her.

The case was tried by a jury and resulted in a verdict in
favor of appellee for $1,000 and the latter then remitted one
dollar of the verdict, and motion for new trial moved by
appellant was overruled and judgment rendered against
appellant on the verdict for $999 and costs of suit.   From
this judgment this appeal is taken and a reversal sought on
various grounds, the chief of which is that the verdict is
manifestly against the weight of the evidence.

It appears from the evidence that the mare in question
was shipped in a car containing three other horses, the
property of one Harlan, and all in his name, from Paris,
Illinois, to Joliet, Illinois, under a contract of shipment with
the Terre Haute & Indianapolis Railroad Company, dated
the 28th day of July, 1894.   The contract provided that the
stock transported in the car, No. 8566, was received on behalf
of the company and of the connecting carriers to the place
of destination.

The route taken was by way of Atlanta and Bloomington,
and the car was received by the appellant as a connecting
carrier on its line of road at Atlanta, Logan county, Illinois,
or Bloomington, Illinois, and from there transported by the
way of Bloomington to Joliet reaching there in the even-
ing of the 29th of July, 1894, some time between five and
seven o'clock.

The horses were accompanied by one Murray, an employe
of Harlan, who rode in the car to take care of Harlan's
three horses, and Frank Elkins, an employe of appellee, who
also rode in the car for the purpose of taking care of appellee's
own horse.

The final destination of the horses was Ingall's Park or Race Track, situate on the line of the Michigan Central Railroad about three miles east from the Joliet yards of appellant. The tracks of appellant were connected with the tracks of the Michigan Central Railroad by switch-tracks meeting near the intersection of Washington and Michigan streets. The Michigan Central Railroad had a switch or spur-track leading from its main line or track directly into the park, and there terminated in a " dead end."

For switching cars to Ingall's Park the Michigan Central Railroad Company charged a switching fee of $2.00.

The case was tried on three counts of the amended declaration. The declaration charges that the horse was in a car of appellant's to be carried from the city of Bloomington to the city of Joliet for hire, and that while the car was switched from the main line at Joliet, and standing in the appellant's yards at Joliet, appellant carelessly, improperly and negligently caused certain other cars, or car or switch engine, to collide suddenly and violently with and against the car in which the horse was being carried, by means of which the appellee's horse was thrown upon the side and floor of the car, and personal property in the car, and injured in the hips, legs and pelvis and permanently injured and rendered valueless.

The three counts were, in substance, the same.

There is no dispute between the parties that the horse in question when brought into the Joliet yards was without injury, and that the happenings which resulted in the injury occurred after the car was cut or switched out of the train at Joliet.

It also appears from the evidence that at about 7.15 o'clock P. M. of the same evening when the train arrived at Joliet, the appellants delivered the car containing the mare and the other horses to the Michigan Central Railroad Company on its receiving track, to be there transported to the race track.

There is no dispute, from the evidence, that the mare in question when delivered at Ingall's Park on the same even-

ing about nine o'clock or a little after was injured in the manner described in the declaration, and was so badly injured that she has been worthless ever since.

The main defense set up and insisted upon by the appellant at the trial was that the mare was not injured while on the yard tracks of the appellant, but must have been injured by the negligence of the servants of the Michigan Central Railroad Company after the car was delivered to that company.

The jury, after hearing the evidence, found the issues in favor of the appellee, and counsel for appellant very earnestly contends that such a verdict was manifestly against the weight of the evidence.

We have read very carefully the argument of counsel on both sides, as well as the evidence as it appears in the abstract, and have come to the conclusion that while it is a matter of considerable doubt whether the mare was injured on the appellant's track, or that of the Michigan Central, yet the evidence is not so lacking to sustain the verdict of the jury that this court should interfere. The jury had the witnesses all before them and had a better opportunity to judge of the weight to be given to their evidence than this court.

We think that one fact is well established, and that is that the mare was injured by a jarring of the car or some other car against it while it was on the track of either the one or the other of the railroads, and that the act of occasioning the injury was of a grossly negligent character, for such an act could not happen if the employes of the railroad company conducting the switching had been in the exercise of due care and caution.

The employes of the railroad company handling that car that night and doing the switching, each on the part of their respective companies, testify that the accident and injury to the mare and the car did not happen while it was in the control of the respective sets of employes, and each set of employes had about an equal opportunity of knowing the facts about which they testified. If they were to be

believed, the jury would have been compelled to find that the mare had not been injured at all, and that the car had not been struck or run into, but the fact still remains that the mare was injured, and that the injury could not have happened without the cause alleged.

In this state of the evidence, Elkins, who had the mare of appellee in charge, testified positively that the injury occurred while the car was on appellant's yard tracks by being run against by another car, or an engine of appellant, in a violent manner, throwing the mare down in the car and injuring her. He also testified that he knew when the transfer of the car to the Michigan Central receiving track was accomplished, and while he may have been mistaken as to the time of day when the car arrived and the transfer made, and as to what particular track of appellant in its yards the car was switched onto, yet we think the jury was warranted in believing his evidence as to where the injury occurred and his statement as to the succession of events occurring after arriving in Joliet. He was, to some extent, also corroborated by the testimony of car inspector Parks, of the Michigan Railroad Company, who testified that he was present when the car in question was transferred to the Michigan Central road, and that the car had an apparently recent break on it, and that he inspected it there and then. Such break and the evidence in general, indicated very rough handling as though the car might have been run into or violently jammed by other cars, and there was no evidence tending to show that the car was in any way injured when it arrived at Joliet.

We are inclined to think, all the evidence considered, that it is sufficient to support the verdict.

A railroad company can not contract against its own acts of gross negligence, and, therefore, the contract of shipment, even if otherwise valid, could not restrict the recovery for the loss of the mare to $100 or any other sum.

The Supreme Court of the United States holds that a common carrier can not contract to be freed from the consequence of its own negligence, even the want of ordinary

C. & A. R. R. Co. v. Grimes.

care, and we are unable to perceive any substantial grounds of distinction between the rights to contract to be relieved of the consequences of the carrier's negligence, either ordinary or gross, and while the Supreme Court of this State has holden that a common carrier may not contract to be relieved of the consequences of gross negligence yet we are not aware of any decision where it is holden that they may contract to relieve themselves of the consequences of damages caused by the want of ordinary care, or, in other words, " ordinary negligence," if such an expression has any legitimate meaning.

At all events, in this case, if the damage occurred in the manner testified to by Elkins, it was a case of gross negligence.   Wabash Railway Company v. Brown, 152 Ill. 484.

We think that the claim for damages, though not in writing according to the shipping contract, was waived by appellant's receiving notice in time and making no objection to its form and treating it as pending.   Wabash R. Co. v. Brown, *supra.*

It is objected by the appellant that there was a variance between the averments of the declaration and the proof, in that the declaration averred that the mare in question was received by the appellant at Bloomington, Ill., when the evidence tended to show that she was received at Paris, Ill., by the Terra Haute Railroad Company, from which appellant received her at Alanta, Ill.

We think if the question has any force under the circumstances of this case the point was waived by appellant by saying, when the contract was introduced in evidence, it had no objection to it, and no motion was ever made to exclude the evidence, and appellee had no notice in the trial court that such a point was being raised and, so far as the record shows, the refused instructions aiming to raise the question were never brought to appellee's notice.   It would be in the nature of a fraud on appellee to allow the question to be raised in this court for the first time.   The points raised on the question of variance are of a highly technical character, and the *termini* between the two carrying points were not necessary to be stated.   It was sufficient to state and show

the relationship between the carrier and owner of the property, that is, that the appellant had possession of the mare as a common carrier for hire, and if such a point is raised in the court below it should be so stated and raised that the opposite party may hear and know of it and have an opportunity to amend his declaration, if necessary.

The record fails to show that appellee had such opportunity.

We do not desire to be understood that there was any variance between the proof and declaration in this case. The appellant's instructions, in reference to the evidence in the case as to the value of the horse for special and unusual purposes, as to having a special value for racing, were given as asked by appellant and, from the evidence, the jury could not have allowed for the value of the mare as a racer. It was shown that the mare was worth the amount of the verdict for other purposes, as, for a roadster and driver.

We do not think the verdict was contrary to the evidence on the question of value.

We do not think that the court erred in allowing appellee to remit one dollar.

There was certainly no injury to the appellant.

Remittiturs are allowed as a matter of course when offered voluntarily, and often in furtherance of justice are recognized by the court.

There being no error in the record, the judgment of the court below is affirmed.